**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RANDY SPRINGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2005-HEI, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-HEI; MASTR ASSET BACKED SECURITIES TRUST 2005- HE 1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-HEl; THE CERTIFICATEHOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2005-HEI, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-HEl; MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.; ROES 1-10 AND DOES 1-10, INCLUSIVE, REPRESENTING A CLASS OF UNKNOWN PERSONS WHO CLAIM OR HAVE THE RIGHT TO CLAIM AN INTEREST IN CERTAIN REAL PROPERTY LOCATED IN LAS VEGAS, NEVADA,<br><br>　　　　Defendant. | Case No. 2:15-cv-02471-APG-PAL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. ##39, 47) |

　　Plaintiff Randy Springer defaulted on his home loan and defendant U.S. Bank National Association—the current holder of Springer's mortgage note—began foreclosure proceedings on Springer's home. Springer brought this action, pro se, to stop the foreclosure. He claims that there is a problem with U.S. Bank's chain of title and that U.S. Bank thus has no basis to foreclose. Springer claims that U.S. Bank and the other defendants committed fraud, that they are violating Nevada foreclosure laws, and that Springer is entitled to a declaration of the parties' rights.

U.S. Bank filed motions to dismiss and for summary judgment. ECF Nos. 39, 47. Springer admitted all of the material facts against him by failing to respond to U.S. Bank's request for admissions, and he failed to address most of U.S. Bank's legal arguments. These are both reason enough to dismiss this case. But even if I were to reach the merits, U.S. Bank has provided unrebutted evidence showing that it is a valid holder of Springer's note and deed, and thus that it has authority to foreclose on Springer's home. I grant judgment in favor of U.S. Bank.

**I.    BACKGROUND**

In 2004, Springer signed a note and deed of trust for his home loan. In 2005, and again in 2009, U.S. Bank was assigned all interest in the note.[1] By 2010 Springer defaulted,[2] so U.S. Bank started foreclosure proceedings on Springer's home.[3] A notice of sale was recorded, but the sale was postponed when Springer filed this action.[4]

Springer's complaint alleges three claims: (1) a claim for a declaration that U.S. Bank and the other defendant have no interest in Springer's home or the note and deed of trust related to his loan; (2) a fraud claim; and (3) a claim for wrongful foreclosure. U.S. Bank moves to dismiss and for summary judgment. Because its argument in both motions are largely coextensive, I address them together.

**II.   ANALYSIS**

   **A. Summary Judgment and Motions to Dismiss**

Summary judgment is appropriate when the pleadings, discovery responses, and other offered evidence show "there is no genuine issue as to any material fact and that the movant is entitled to

---

[1] Dkt. ##40-2, 40-3, 40-4.

[2] Dkt. #40-6.

[3] *Id.*

[4] This case was transferred to me by the U.S. District Court, Southern District of New York.

judgment as a matter of law."[5]  When considering summary judgment, I view all facts and draw all inferences in the light most favorable to the non-moving party.[6]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[7]  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[8]  She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[9]

Alternatively, I may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."[10]  A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[11]  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[12]  "Factual allegations must be enough to rise above the speculative level."[13]  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[14]

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (*citing* Fed.R.Civ.P. 56(c)).

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.,* 793 F.2d 1100, 1103 (9th Cir.1986).

[7] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex*, 477 U.S. at 323.

[8] *Bank of Am. v. Orr,* 285 F.3d 764, 783 (9th Cir.2002) (internal citation omitted).

[9] *Bhan v. NME Hosps. Inc.,* 929 F.2d 1404, 1409 (9th Cir.191); *Anderson*, 477 U.S. at 248–49.

[10] Fed.R.Civ.P. 12(b)(6).

[11] Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[13] *Twombly*, 550 U.S. at 555.

[14] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

Even though a pro se litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers,"[15] it nevertheless must comply with the applicable rules.[16]

### B. None of Springer's claims can survive

Springer has effectively admitted all of the material facts against him—this is reason enough to grant judgment in favor of defendants. U.S. Bank served upon Springer several requests for admissions, and Springer failed to timely respond to any of them.[17] Federal Rule of Civil Procedure 36 states that when a party fails to timely respond to a request for an admission, the party is "deemed [to have] admitted" it. Springer has thus admitted that U.S. Bank was validly assigned his note and deed of trust, that all assignments in its chain of title are valid, that U.S. Bank committed no fraud, and that U.S. Bank has the authority to foreclose on his home.[18] He has admitted all of the material facts entitling U.S. Bank to summary judgment.

Springer provides no reason for why he ignored U.S. Bank's requests, and he provides no evidence showing that he did not receive them. While I am sympathetic to the fact that Springer is representing himself, this does not excuse him from responding to proper requests for discovery. Thus, U.S. Bank is entitled to summary judgment on this ground alone. But even if I were to consider Springer's claims on the merits, as I explain below, they would still fail.

> *1. Springer has effectively conceded to dismissing his fraud claim (his second cause of action), and even if he had not he fails to allege facts to support this claim.*

U.S. Bank contends that Springer has not alleged enough specific facts about how the defendants committed fraud. Springer fails to respond to this argument, so under our local rules

---

[15] *Hanines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[16] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986).

[17] U.S. Bank also propounded requests for documents and interrogatories on Springer, and he has not responded to those either.

[18] Dkt. #47 at 6-8.

he has effectively conceded that I should agree with U.S. Bank and dismiss it.[19]  But in any event his fraud claim fails on the merits.

A party asserting a fraud claim "must state with particularity the circumstances constituting fraud."[20]  Allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."[21]  The plaintiff must allege "the time, place, and specific content of the [fraud] as well as the identities of the parties to the [fraud]."[22]  Springer must thus allege in his complaint specific facts about the statements defendants made, which defendants made these statements, how these statements were false, how Springer relied on these statements, and what damage this reliance caused.[23]

Springer alleges none of these things.  He simply states that the defendants knew there was false information in the assignments.  Springer does not identify which specific statements were false and how, who made the statements and when and where, or how he relied on the statements.  And there is no indication that Springer could amend to fix these problems.  His fraud theory is that the assignments were invalid and that defendants attempted to enforce them anyway.  But as I explain below, the assignments are valid, so Springer's theory has no basis.  I thus grant summary judgment in favor of U.S. Bank on the second cause of action for fraud.

////

---

[19] Under Local Rule 7-2(d), a party's failure to respond serves as consent to granting the motion.  Although this rule does not apply to motions for summary judgment, *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993), here Springer failed to respond to U.S. Bank's fraud arguments in its motion to dismiss as well.

[20] Fed.R.Civ.P. 9(b).

[21] *Bly–Magee v. California,* 236 F.3d 1014, 1018 (9th Cir.2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)).

[22] *Schreiber Distrib. Co. v. Serve–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986).

[23] *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.,* 940 F.2d 397, 405 (9th Cir. 1991).

> *2. Springer's remaining claims related to U.S. Bank's ability to foreclose (his first and third causes of action) fail for several reasons.*

There are several reasons why Springer cannot maintain his first and third causes of action. First, by failing to respond to most of U.S. Bank's arguments related to these claims, Springer has again conceded that I should dismiss the claims. Instead of addressing U.S. Bank's arguments, Springer picks the one argument he wants to respond to and ignores the rest.

For example, U.S. Bank points out that, generally, a plaintiff can challenge a foreclosure sale only if he shows that he performed his side of the mortgage bargain—in other words, that he is current on his loan payments.[24] And as U.S. Bank notes in its moving papers, Springer has not alleged that he has made any effort to pay off his loan or that he would be able to do so. Springer does not so much as acknowledge this argument in his response to U.S. Bank's motions, and under the local rules this means he concedes them.[25] Again, I understand the challenges that come with representing oneself in a complex case, but that does not mean a party can simply ignore opposing arguments. Because Springer has consented to U.S. Bank's arguments for dismissing the first and third causes of action, I need go no further.

But even if I were to address the one legal argument Springer meaningfully disputes—whether the assignment of his note to U.S. Bank is invalid—he still loses. Springer contends that U.S. Bank has no interest in his home because: (1) the note and the assignments of the note are not endorsed, (2) an unendorsed assignment and note are invalid, and (3) U.S. Bank was therefore never assigned Springer's note (and thus cannot enforce it now).[26]

---

[24] *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (1983).

[25] As I note above, under Local Rule 7-2(d) a party's failure to respond serves as consent to granting the motion. Springer failed to respond to most of the arguments in U.S. Bank's motion to dismiss.

[26] Most of Springer's argument appears to be copied from the California Supreme Court's decision in *Yvanova v. New Century Mortgage Corp.,* 62 Cal. 4th 919 (2016). Compare Dkt. #51 at 9-12 with *Yvanova v. New Century Mortgage Corp.,* 62 Cal. 4th 919, 935-37 (2016). This case merely settled a long outstanding question in California about whether a borrower has standing to challenge the beneficiary's assignment of a Deed of Trust. *Id.* Before this case, most California courts held that borrowers cannot challenge an assignment of a note or deed of trust on any grounds. Nevada does not appear to have adopted *Yvanova*, but I need not decide that. Even if I assume *Yvanova* applies and Springer can challenge U.S. Bank's interest on the theory that its assignment is void, Springer has not created a genuine issue of fact on this point. Springer briefly contends that Novelle Financial Services was out of business when it

1    Springer has not provided any authority holding that assignments of notes must be
2 endorsed. An assignment, unlike the note itself, is not a negotiable instrument, and thus there
3 appears no requirement that an assignment be endorsed.[27] To the extent Springer means U.S.
4 Bank's assignment was invalid because the *note* was not endorsed to U.S. Bank, that theory also
5 lacks merit.

6    Mortgage notes are negotiable instruments.[28] One way to transfer negotiable instruments
7 is endorsing, or in other words signing, the instrument. For example, when transferring
8 ownership of a personal check, which is also a negotiable instrument, the owner of the check
9 usually endorses the check and hands it to the new owner (who is then entitled to cash it).
10 Mortgage notes can be transferred in the same way. But endorsing an instrument is merely one
11 way to prove that an instrument was validly transferred, it is not a strict requirement.

12    A party can also establish a note was transferred to it by providing evidence of the
13 transaction where it was given the note by the original holder.[29] "In other words, [if] the party
14 seeking to enforce the note cannot 'prove' its right through the use of a valid endorsement, the
15 party must 'prove' by some other means that it was given possession of the note for the purpose
16 of enforcing it."[30]

17    Here, the undisputed evidence shows that the note was properly transferred to U.S. Bank.
18 U.S. Bank has provided a copy of the note, which lists Novelle Financial Services as the initial
19 holder.[31] U.S. Bank has also provided copies of an assignment showing that Novelle agreed to
20 transfer the note to U.S. Bank.[32] This is sufficient evidence to show that Novelle intended to give

---

executed and recorded the assignment of the note, but U.S. Bank provides undisputed evidence that the Novelle was still in business at the relevant time. *See* Dkt. #47 at 10-11.

[27] *See* NRS 104.3104(1) (defining negotiable instruments that can be endorsed).

[28] *Leyva v. Nat'l Default Servicing Corp.,* 255 P.3d 1275, 1279 (Nev. 2011).

[29] N.R.S. 104.3103(1)(i); N.R.S. 104.3203.

[30] *Leyva,* 255 P.3d at 1281.

[31] Dkt. #40-2.

[32] Dkt. #40-3 at 2. There was also another assignment to U.S. Bank a few years later. Dkt. #40-4.

U.S. Bank the right to enforce Springer's note and did so.  Springer has provided no evidence to dispute this transfer.   I thus grant summary judgment in favor of U.S. Bank on Springer's first and third causes of action.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that U.S. Bank's Motion to Dismiss (Dkt. #39) and Motion for Summary Judgment (Dkt. #47) are GRANTED.  The clerk of court shall enter judgment in favor of U.S. Bank on all of the plaintiff's claims.

DATED this 29th day of September, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE